**25-4606**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

KENTRELL D. WELCH,
Plaintiff-Appellee,

v.

COREY ROWLEY, et al.,
Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA,
D.C. No. 3:22-cv-00557-MMD-CLB

## DEFENDANTS - APPELLANTS' OPENING BRIEF

Respectfully submitted by:
AARON D. FORD
Attorney General
CHRIS DAVIS (Nevada Bar No. 6616)
Senior Deputy Attorney General
Office of the Attorney General, State of Nevada
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-9252 (phone)
cwdavis@ag.nv.gov
*Attorneys for Defendants-Appellants*
*Sean Donahue, Daniel Featherly,*
*Cade Herring, Curtis Rigney,*
*Corey Rowley, Alexander Werner*
*and Daniel Wheeler*

# TABLE OF CONTENTS

TABLE OF CONTENTS .............................................................................ii

TABLE OF AUTHORITIES.....................................................................iv

I.    INTRODUCTION.......................................................................... 1

II.    JURISDICTIONAL STATEMENT .................................................2

III.   STATEMENT OF THE ISSUES PRESENTED..............................3

IV.   STATEMENT OF CASE AND PROCEDURAL HISTORY ............4

V.    STANDARD OF REVIEW ..............................................................8

VI.   SUMMARY OF ARGUMENT.......................................................10

VII.  ARGUMENT .................................................................................11

      A.    Defendants Are Entitled to Qualified Immunity Under Established Precedent ..........................................................11

      B.    Welch Fails to Plausibly Allege Facts Necessary to Establish a Violation of the Eighth Amendment Based on His Conditions of Confinement ..................................................13

            1.    Welch Failed to Plausibly Allege Facts Establishing that Each Defendant Was Personally, Actually and Subjectively Aware of and Disregarded of an Objective, Intolerable, Substantial Risk of Serious Harm to Welch................16

2. Welch Failed to Plausibly Allege Facts Establishing that Each Defendant Caused Welch to Contract COVID-19 Required to Allege an Eighth Amendment Violation .......................................20

C. Welch Failed to Meet His Burden of Establishing, Beyond Debate, a Violation of Clearly Established Law ..................23

D. The District Court Erred by Refusing to Fully Consider Defendants' Motion to Dismiss After Screening ..................27

STATEMENT OF RELATED CASES ....................................................34

CERTIFICATE OF COMPLIANCE.......................................................34

CERTIFICATE OF SERVICE................................................................35

## TABLE OF AUTHORITIES

## CASES

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)..............................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................9

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185
(7th Cir. 1990).................................................................................32

*Bearchild v. Cobban*, 947 F.3d 1130 (9th Cir. 2020) .............................21

*Behrens v. Pelletier*, 516 U.S. 299 (1996) ......................................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................9

*Bennett v. Burton*, Case No. 2:21-cv-1340 WBS KJN P, 2023 WL
3024850 (E.D. Cal. Apr. 20, 2023).....................................................30

*Blake v. Zmuda*, Case No. 21-3236, 2022 WL 1184402 (10th Cir.
Apr. 21, 2022)...................................................................................18

*Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003).........................................14

*Byrd v. Munoz*, Case No. 24-1618, 2025 WL 943408 (7th Cir. Mar.
28, 2025)................................................................. 17, 18, 21, 22, 23

*Campbell v. California Dept. of Corr. & Rehab.*, 463 Fed. Appx.
634, 2011 WL 6425312 (9th Cir. 2011).............................................20

*Carley v. Aranas*, 103 F.4th 653 (9th Cir. 2024)......................... 12, 24, 27

*City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9 (2021).....................12

*Cunningham v. Gates*, 229 F.3d 1271 (9th Cir. 2000)...........................24

*Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597
F.3d 1374 (Fed. Cir. 2010)................................................................32

iv

*Farmer v. Brennan*, 511 U.S. 825 (1994) .......13, 14, 16, 17, 18, 19, 25, 26

*Galvan v. Norberg*, 678 F.3d 581 (7th Cir. 2012) ............................31, 32

*Garewal v. Sliz*, 611 Fed. Appx. 926, 2015 WL 3372154 (10th Cir. 2015)...................................................................................30, 31

*Hampton v. California*, 83 F.4th 754 (9th Cir. 2023).......................24, 25

*Helling v. McKinney*, 509 U.S. 25 (1993) ...............................................25

*Hudson v. McMillian*, 503 U.S. 1 (1992)................................................13

*Hudson v. Palmer*, 468 U.S. 517 (1984).................................................13

*Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012)...................................15

*In re Fowler*, 394 F.3d 1208 (9th Cir. 2005)...........................................32

*In re Lau*, 684 Fed. Appx. 235, 2017 WL 1135722 (3d Cir. 2017).........32

*Jones v. Bock*, 549 U.S. 199 (2007) ...........................................27, 28, 29

*Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002)...................................15

*Kisela v. Hughes*, 584 U.S. 100 (2018) ............................................12, 13

*Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988)............................15, 16, 20

*Panchev v. Pac. Gas & Elec. Co.*, 825 Fed. Appx. 462, 2020 WL 5511817 (9th Cir. 2020) .....................................................................21

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ......................................25

*Reichle v. Howards*, 566 U.S. 658 (2012) .........................................11, 12

*Rico v. Ducart*, 980 F.3d 1292 (9th Cir. 2020) .........................................9

*Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021) ...................................12

v

*Taylor v. List,* 880 F.2d 1040 (9th Cir. 1989) ........................................... 19

*Teahan v. Wilhelm*, 481 F. Supp. 2d 1115 (S.D. Cal. 2007) .................... 30

*Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004) ................................... 20

*United States v. Ibarra*, 920 F.2d 702 (10th Cir. 1990) .......................... 32

*United States v. Sineneng-Smith*, 590 U.S. 371 (2020) .......................... 28

*United States v. Smith*, 389 F.3d 944 (9th Cir. 2004) ............................ 31

*United States v. United States Smelting Ref. & Min. Co.*, 339 U.S. 186 (1950) ................................................................................................. 31

*Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir. 1995) .................................... 26

*Williams v. Wood*, Case No. 06–55052, 223 Fed. App'x 670 (9th Cir. 2007) ................................................................................................. 14

*Woodrum v. Woodward County, Okla.*, 866 F.2d 1121 (9th Cir.1989) ................................................................................................. 23

## STATUTES

28 U.S.C. § 1291 ...................................................................................... 2

28 U.S.C. § 1915 ................................................................................ 1, 27

28 U.S.C. § 1915A .................................................................................. 30

42 U.S.C. § 1983 .............................................................. 15, 19, 21, 23

## RULES

9th Cir. R. 32-1 ...................................................................................... 34

Fed. R. App. P. 32 .................................................................................. 34

Fed. R. App. P. 4 ...................................................................................... 3

Fed. R. Civ. P. 12 ....................................................................... 9, 28, 30, 31

## I.  INTRODUCTION

The district court erred when denying Defendants-Appellants Sean Donahue, Daniel Featherly, Cade Herring, Curtis Rigney, Corey Rowley, Alexander Werner and Daniel Wheeler's motion to dismiss, asserting qualified immunity, with respect to Plaintiff-Appellant Kentrell Welch's claim that he was exposed to COVID-19 in violation of the Eighth Amendment while lawfully incarcerated by the Nevada Department of Corrections (NDOC).  The district court improperly refused to fully consider Defendants' motion to dismiss merely because the court previously screened Welch's complaint, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(d).  Congress, however, intended that screening under the PLRA would be cumulative of, and not a substitute for, Defendants' adversarial rights under the Federal Rules to move to dismiss.

Welch does not allege any plausible facts establishing that NDOC Lts. Donahue and Rigney, Sgt. Wheeler, Senior Correctional Officers Featherly and Rowley, and Officers Herring and Werner were aware that any officer had contracted COVID-19 when they allegedly refused to wear masks or allegedly refused to enforce the mask policy.  Under established Supreme Court precedent, without plausible allegations that each Defendant officer was personally and subjectively aware that someone refusing to wear a mask had contracted an infectious disease

1

which could pose an intolerable, substantial risk of serious harm to Welch, the refusal to wear masks or enforce the mask policy does not violate the Eighth Amendment.

More importantly, Welch does not allege that he actually contracted COVID-19, but instead merely alleges that he was exposed to COVID-19. Welch cannot establish an Eighth Amendment violation based on the failure to wear protective equipment to prevent COVID-19 when he fails to allege that he contracted COVID-19. The allegations in Welch's complaint simply do not plausibly establish that Defendants were the cause of any harm to Welch, required to establish an Eighth Amendment violation.

Accordingly, Welch's complaint against Defendants should be dismissed in its entirety because Welch cannot overcome qualified immunity. Defendants have not violated Welch's rights, much less rights that have been clearly established, beyond debate. This Court should therefore reverse the district court's order denying Defendants' motion to dismiss, and remand with instructions that their motion to dismiss be granted because they are shielded by qualified immunity.

## II. JURISDICTIONAL STATEMENT

This Court has jurisdiction over Defendants' appeal, pursuant to 28 U.S.C. § 1291, because Defendants' notice of appeal was timely filed on July 22, 2025 (ER-238-40, ECF No. 42), within thirty (30) days after

2

the district court entered its order, on June 23, 2025 (ER-4-16, ECF No. 34), denying Defendants' motion to dismiss asserting qualified immunity. *See* Fed. R. App. P. 4; *see also Behrens v. Pelletier*, 516 U.S. 299, 312-13 (1996) (holding "an order rejecting the defense of qualified immunity" is a "'final' judgment subject to an immediate appeal," which may be raised "at either the dismissal stage or the summary judgment stage").

## III.  STATEMENT OF THE ISSUES PRESENTED

**A.**  Whether the district court erred when denying correctional officers' motion to dismiss asserting qualified immunity when no clearly established precedent has held that a prison official violates the Eighth Amendment when the offender fails to plausibly allege that each Defendant officer was personally and subjectively aware that someone refusing to wear a mask had actually contracted an infectious disease which could pose an intolerable, substantial risk of serious harm to the offender.

**B.**  Whether the district court erred when denying correctional officers' motion to dismiss asserting qualified immunity when no clearly established precedent has held that a prison official violates the Eighth Amendment by failing to wear protective equipment to prevent an infectious disease when the offender fails to allege that he was harmed by actually contracting the infectious disease as a result of these alleged

3

actions, and therefore fails to plausibly allege that any Defendant was the cause of any harm to the offender.

**C.** Whether Defendants are entitled to qualified immunity when Plaintiff failed to meet his burden of proof that Defendants violated a clearly established right.

**D.** Whether the district court erred when refusing to fully consider Defendants' motion to dismiss, merely because the court previously screened Plaintiff's complaint, when Congress intended that screening under the PLRA would be cumulative of, and not a substitute for, Defendants' adversarial rights under the Federal Rules to move to dismiss.

## IV. STATEMENT OF CASE AND PROCEDURAL HISTORY

Welch is an offender lawfully incarcerated in the custody of the NDOC and was housed at Ely State Prison (ESP). ER-201, ECF No. 7 at 1. On November 8, 2023, Welch filed a second amended civil rights complaint alleging that Correctional Lts. Donahue and Rigney, Correctional Sgt. Wheeler, Senior Correctional Officers Featherly and Rowley, and Correctional Officers Herring and Werner, among others, violated the Eighth Amendment by refusing to wear personal protective equipment (PPE), such as N95 masks, when working around offenders in Welch's housing unit on a daily basis during the COVID-19 pandemic between 2020 and 2022. ER-202, ECF No. 7 at 3. Specifically, Welch

4

alleged: (1) from 2020 to 2022, Sgt. Wheeler and Officers Featherly, Herring, Rowley, Werner refused to wear N95 masks and PPE gear when working and feeding offenders in Welch's unit; (2) from January to November 2021, Officer Werner refused to wear an N95 mask or PPE when handing out mail and food in Welch's housing unit; (3) Sgt. Wheeler allegedly told Welch to shut up when asking Sgt. Wheeler to wear masks and to instruct Officer Warner to wear a mask; (4) from December 2021 to January 2022, Officer Rowley escorted Welch to many legal visits without wearing a mask, despite Welch requesting Officer Rowley to wear a mask; (5) from 2020 to 2021, Officer Herring refused to wear a mask and PPE gear when feeding offenders in Welch's housing unit despite Welch requesting Officer Herring to wear a mask; (6) Sgt. Wheeler and Officer Featherly refused to reprimand Officer Herring for refusing to wear safety gear; and (7) from 2020 to 2022, Lts. Donahue and Rigney refused to wear N95 masks or PPE gear when delivering food to Welch's housing unit or when transporting offenders, even though they were asked to enforce safety measures. ER-207-09, ECF No. 7 at 7-9.

Welch also alleges, between January 25 and 31, 2022, two offenders in Welch's housing unit contracted COVID-19, but Welch continued to be housed with those "highly symptomatic" offenders. ER-203, 207; ECF No. 7 at 3, 7. Welch alleges he was "involuntarily

5

exposed" to COVID-19, on February 2, 2022, despite being "highly vulnerable" due to "chronic conditions," but was subsequently moved to quarantine. ER-203, ECF No. 7 at 3. While Welch alleges, he "suffers daily: shortness of breath, fatigue [and] lack of strength in legs, hand [and] bodily" (ER-208, ECF No. 7 at 8), Welch does not allege he actually tested positive or contracted COVID-19 (ER-201-12, ECF No. 7).

On February 10, 2022, Former Nevada Governor Steve Sisolak allegedly terminated COVID-19 safety measures that had been established for facilities like ESP, and on February 14, 2022, NDOC Director Charles Daniels allegedly issued a memorandum suspending all COVID-19 safety measures at ESP. ER-204, ECF No. 7 at 4.

In his complaint, Welch does not allege that any of the Defendants ever contracted or displayed symptoms of COVID-19, much less alleged that any Defendant knew that any Defendant or offender housed with Welch had contracted COVID-19. ER-201-12, ECF No. 7. Despite the lack of any allegation that these Defendant Officers actually knew they had contracted COVID-19 when they supposedly refused to wear masks, which would be one of the required elements to establish an Eighth Amendment violation, the district court allowed Welch to proceed with an Eighth Amendment claim against these Defendants, along with three (3) other unserved Defendants, when screening Welch's complaint

6

on June 5, 2024. ER-191-93, ECF No. 9 at 6-8. The district court, however, properly dismissed all other claims asserted by Welch. ER-190-96, ECF No. 9 at 5-11.

On November 4, 2024, Defendants Lts. Donahue and Rigney, Sgt. Wheeler, and Officers Featherly, Rowley, Herring and Werner moved to dismiss Welch's complaint, asserting qualified immunity, because Welch does not plausibly allege a violation of the Eighth Amendment, much less a violation of clearly established law necessary to overcome qualified immunity. ER-171-85, ECF No. 21. After the motion was fully briefed (ER-64-170), the Magistrate Judge wrongly recommended that the motion be denied, in a Report and Recommendation filed February 4, 2025. ER-57-63, ECF No. 28.

On February 18, 2025, Defendants objected (ER-43-56, ECF No. 29), to which Welch responded (ER-17-40, ECF No. 33). Nevertheless, on June 23, 2025, the district court erred by adopting the Report & Recommendation, overruling the properly supported objection, and denying the motion to dismiss. ER-4-10, ECF No. 34. The district court improperly refused to fully consider Defendants' motion to dismiss merely because the court previously screened Welch's complaint (ER-6-9, ECF No. 34 at 3-6), even though Congress intended that screening under the PLRA would be cumulative of, and not a substitute for,

7

Defendants' adversarial rights under the Federal Rules to move to dismiss.

When denying Defendants' motion to dismiss, the direct court ignored that Welch failed to plausibly allege that each Defendant was personally and subjectively aware that someone refusing to wear a mask had actually contracted an infectious disease which could pose an intolerable, substantial risk of serious harm to Welch, which subjective knowledge is an essential element required to establish an Eighth Amendment violation. The district court also ignored that Welch failed to allege that he actually contracted COVID-19 and therefore failed to plausibly allege that any Defendant was the cause of any harm to Welch, another essential element required to establish an Eighth Amendment violation. The district court therefore erred because Welch failed to plausibly allege that any Defendant violated the Eighth Amendment, much less alleging that any Defendant violated a clearly established right, beyond debate, necessary to overcome Defendants' entitlement to qualified immunity. Because Defendants are entitled to qualified immunity, they timely filed a notice of appeal on July 22, 2025. ER-238-40, ECF No. 42.

## V.    STANDARD OF REVIEW

This Court "review[s] de novo a denial of a motion to dismiss based on qualified immunity." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th

Cir. 2020). Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege facts showing the "right to relief [rises] above the speculative level." *Id.* A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.* Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Courts are not required "to credit a complaint's conclusory statements without reference to its factual context," because "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, 686.

9

## VI.  SUMMARY OF ARGUMENT

The district court erred when denying Defendants' motion to dismiss asserting qualified immunity.  Welch cannot establish an Eighth Amendment violation because he has not plausibly alleged that each Defendant officer was personally and subjectively aware that someone refusing to wear a mask had actually contracted COVID-19 which could pose an intolerable, substantial risk of serious harm to the Welch.  His claim also fails because Welch does not allege that he actually contracted COVID-19 and therefore cannot plausibly establish that any Defendant was the cause of any harm to Welch, which is an essential element to an Eighth Amendment claim.

Defendants are therefore entitled to qualified immunity because Welch cannot establish an Eighth Amendment violation, much less a violation of clearly established law, beyond debate.  Accordingly, this Court should reverse the district court's order improperly refusing to fully consider Defendants' motion to dismiss.  This Court should therefore reverse the district court's order denying Defendants' motion to dismiss, and remand with instructions that Welch's complaint be dismissed because Defendants are entitled to qualified immunity.

## VII. ARGUMENT

### A. Defendants Are Entitled to Qualified Immunity Under Established Precedent

This Court should reverse the district court's order denying Defendants' motion to dismiss and instruct the district court to fully grant Defendants' motion because Defendants are shielded by qualified immunity. In *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), the Supreme Court held that "[q]ualified immunity shields . . . state officials from money damages unless a plaintiff . . . show[s] (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 743. In *Reichle v. Welchs*, 566 U.S. 658, 664, (2012), the Supreme Court explained that to "be clearly established, a right must be sufficiently clear "that every 'reasonable official would have understood that what he is doing violates that right.'" The "right allegedly violated must be established, not as a 'broad general proposition,' but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." *Id.* at 665. "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 664. "This 'clearly established' standard protects the balance between vindication of

11

constitutional rights and government officials' effective performance of their duties by ensuring that officials can reasonably anticipate when their conduct may give rise to liability for damages." *Id.*

In *Carley v. Aranas*, 103 F.4th 653 (9th Cir. 2024), this Court recognized that "the Supreme Court 'has repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality.'" *Id.* at 660-61, quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). "It is not enough that a rule be suggested by then-existing precedent." *City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9, 12 (2021). "A right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021). "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* "Thus, to show a violation of clearly established law, [Welch] must identify a case that put [each defendant] on notice that his specific conduct was unlawful." *Id.* Officers "are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Kisela*, 584 U.S. at 104. "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant' shoes would have understood that he was violating it." *Id.* at 105. Accordingly, "existing precedent must

have placed the statutory or constitutional question beyond debate." *Id.* at 104.

The district court erred because Welch has not plausibly alleged facts establishing a violation of a right, much less a right clearly established, beyond debate, required to overcome qualified immunity.

### B. Welch Fails to Plausibly Allege Facts Necessary to Establish a Violation of the Eighth Amendment Based on His Conditions of Confinement

While the Eighth Amendment requires prison officials to provide "humane conditions of confinement" with due regard for inmate health and safety (*Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994)), "extreme deprivations are required to make out a conditions-of-confinement claim" (*Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). To show a violation, an inmate must first "objectively" establish that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Second, the inmate must establish that the official "was subjectively aware of the risk," but "'deliberate indifference' to inmate health or safety." *Id.* at 829, 834.

For a risk to be "objectively" "substantial" under the first prong, an inmate must show more than a risk of serious harm which is merely possible. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Accordingly, to show an objectively substantial risk of serious harm, the inmate must establish "a 'strong likelihood' rather than a 'mere possibility'" of harm.

13

*Williams v. Wood*, Case No. 06–55052, 223 Fed. App'x 670, 671 (9th Cir. 2007) (holding that "speculative and generalized fears of harm . . . do not rise to a sufficiently substantial risk of serious harm").

Under the second "subjective" prong, "deliberate indifference" can only be established if the "prison official . . . knows of and disregards an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. "[D]eliberate indifference entails something more than mere negligence." *Id.* at 835. The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison "official's failure to alleviate a significant risk that he should have perceived but did not" does not establish deliberate indifference. *Farmer*, 511 U.S. at 838. "[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which [the courts] are ill-equipped." *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003).

Moreover, in *Iqbal*, the Supreme Court ruled that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. The Court held "bare assertions [that] amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim, . . .

14

are conclusory and not entitled to be assumed true," and therefore such conclusory allegations do not "plausibly suggest an entitlement to relief." *Id.* at 861.

In *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012), this Court held "without any allegation of the specific wrong-doing by each Defendant," a plaintiff cannot establish a constitutional violation. The court reasoned that without "a *specific* policy implemented" by a defendant or "a *specific* event or events instigated" by a defendant, plaintiff's "claims are . . . devoid of specifics" and therefore the plaintiff fails to meet the requirement of "plead[ing] that each Government-official defendant, through the official's own individual actions, has violate the Constitution." *Id.* The Court reasoned that such "'bald' and 'conclusory' allegations are insufficient to establish individual liability under 42 U.S.C. § 1983." *Id.* To "be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

As explained by this Court, in *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988), the "prisoner must set forth specific facts as to each individual defendant's" constitutional violation. To establish causation, courts "must focus on whether the individual defendant was in a position" to cause the constitutional violation. *Id* at 633. "In order to resolve this causation issue, [courts] must take a very individualized

15

approach which accounts for the duties, discretion, and means of each defendant." *Id*. at 633-34. The Court concluded that a prisoner cannot state a claim when he "failed to allege facts which demonstrate that any particular prison official was the actual and proximate cause of any constitutional violation." *Id*.

### 1. Welch Failed to Plausibly Allege Facts Establishing that Each Defendant Was Personally, Actually and Subjectively Aware of and Disregarded of an Objective, Intolerable, Substantial Risk of Serious Harm to Welch

When denying Defendants' motion to dismiss, contrary to the mandate in *Farmer*, the district court merely speculated that the Defendants had the required personal knowledge that they were exposing Welch to COVID-19 when refusing to wear a mask or other PPE, or when failing to require other officers to wear masks or other PPE. ER-12-13, ECF No. 34 at 9-10. Without any allegation that any Defendant tested positive for COVID-19, or at the very least suffered from symptoms of COVID-19, and that each Defendant was personally and actually aware of such facts, Defendants, at most, should have suspected that failing to wear masks or other PPE might expose Welch to COVID-19. In *Farmer*, however, the Supreme Court expressly held that a prison "official's failure to alleviate a significant risk that he should have perceived but did not" does not establish deliberate

16

indifference. *Farmer*, 511 U.S. at 838. The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The Court reasoned the "Eighth Amendment does **_not_** outlaw cruel and unusual '**_conditions_**'; it outlaws cruel and unusual 'punishments.'" *Id.* at 837-38 (emphasis added). "An act or omission," such as failing to wear mask, "unaccompanied by knowledge of a significant risk of harm," such as the lack actual, subjective personal knowledge that you suffer from a communicable disease, "might well be something society wishes to discourage, . . . [b]ut an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

In *Byrd v. Munoz*, Case No. 24-1618, 2025 WL 943408, at *2 (7th Cir. Mar. 28, 2025), the Seventh Circuit rejected the argument that "prison staff knowingly disregarded [a] serious health risk" when "prison staff ignored [the prisoner's] complaints of improperly wearing masks." The court held that "defendants' unresponsiveness to [the prisoner's] complaints does not demonstrate that they knew improper mask-wearing presented an excessive risk that [the prisoner] would contract COVID-19 or had a total lack of concern for that risk." *Id.* The court reasoned the prisoner's "evidence shows, at most, that some staff

17

members were careless or negligent by improperly wearing or refusing to wear masks," which "does not reflect a culpable state of mind by any defendant" required to establish an Eighth Amendment violation. *Id.*

Similarly, in *Blake v. Zmuda*, Case No. 21-3236, 2022 WL 1184402, at *1 - *2 (10th Cir. Apr. 21, 2022), the Tenth Circuit rejected the argument that "defendants knew . . . a substantial risk of serious harm existed . . . and Defendants deliberately disregarded that risk," even though the an inmate alleged "that prison staff violated the mask-wearing policy." The court held that "[a]t most, [the inmate's] allegations amount to a claim of negligence," which is insufficient to establish an Eighth Amendment violation. *Id.* at *2. The court reasoned: "Although [the inmate] has alleged that he filed various grievances regarding prison staff violations of COVID-19 policies, even an official's failure to act on a risk he should have perceived is not enough to establish deliberate indifference." *Id.*

Just like in *Byrd* and *Blake*, by alleging that Defendants refused to wear or enforce mask wearing, Welch, at most, has alleged a claim of negligence, which is insufficient to establish an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835. (holding "deliberate indifference entails something more than mere negligence"). Moreover, Welch does not allege that he was prevented from wearing a mask or other PPE, which would similarly prevent exposure to COVID-19, and therefore

18

any risk was ameliorated. Thus, Welch does not plausibly allege facts establishing that any Defendant should have perceived that Welch faced an "intolerable," "substantial risk of serious harm."

Even though Defendants might have perceived that the lack of masks imposed a risk, without allegations that Defendants knew those persons who allegedly failed to wear masks tested positive for COVID-19, such facts do not plausibly allege that each Defendant was personally, actually and subjectively aware that failure to wear masks, or the violation of other COVID-19 protocols, posed an "intolerable" "substantial risk of serious harm" required to establish an Eighth Amendment violation. *Id.* at 837-46; *see also Iqbal*, 556 U.S. at 676; *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) (holding "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant").

Welch's bare assertions do not even amount to a formulaic recitation of the elements, which the Supreme Court rejected as insufficient in *Iqbal*. Accordingly, the district court erred when denying Defendants' motion to dismiss because Welch's complaint does not allege facts plausibly showing that any Defendant was personally, actually and subjectively aware that failure to wear masks, or the violation of other COVID-19 protocols, posed an "intolerable" "substantial risk of serious harm" required to establish an Eighth

19

Amendment violation. *See Toguchi v. Chung*, 391 F.3d 1051, 1059 (9th Cir. 2004) (holding that "conclusion [that] was merely speculative" could not establish that a defendant "disregarded [a] serious and known risks," because the witness "lacked any insight into [defendant's] subjective knowledge").

> **2. Welch Failed to Plausibly Allege Facts Establishing that Each Defendant Caused Welch to Contract COVID-19 Required to Allege an Eighth Amendment Violation**

The district court ignored that Welch failed to allege that he actually contracted COVID-19, much less alleged that any Defendant actually caused Welch to contract COVID-19 required to establish an Eighth Amendment violation. In *Leer*, this Court held a prisoner cannot state a claim when he "failed to allege facts which demonstrate that any particular prison official was the actual and proximate cause of any constitutional violation." 844 F.2d at 633-34. As mandated by *Leer*, Welch must establish the "requisite causal connection between each individual prison official's actions and the eighth amendment violation." 844 F.2d at 634.

In *Campbell v. California Dept. of Corr. & Rehab.*, 463 Fed. Appx. 634, 635–36, 2011 WL 6425312, at \*1 (9th Cir. 2011), this Court held that a district court grant of judgment in favor of Defendants on a prisoner's "deliberate indifference claim was proper with respect to each

20

defendant" because the prisoner "failed to present sufficient evidence of causation between the alleged violations and any food-borne illness." This Court reached this result because the prisoner failed to meet the "causation requirement" of "both causation-in-fact and proximate causation." *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020).

Similarly, in *Panchev v. Pac. Gas & Elec. Co.*, 825 Fed. Appx. 462, 463, 2020 WL 5511817 (9th Cir. 2020), this Court held the "district court properly granted summary judgment" because the plaintiff, asserting a § 1983 claim, failed to establish that "plaintiff's alleged injuries resulted from his exposure to elevated levels of arsenic or uranium." The Court reasoned that in "a § 1983 action, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury," which requires establishing "specific causation, whether a particular individual suffers from a particular ailment as a result of exposure to a substance." *Id.*

Likewise, in *Byrd*, the Seventh Circuit determined the prisoner failed to establish the required "causal connection between the officer being sued and the constitutional deprivation," even though the prisoner "alleg[ed] that [the officers] caused his COVID-19 infection." 2025 WL 943408, at *2. The court held the prisoner's § 1983 claim lacked merit because "nothing in the record identifies how [the prisoner] contracted COVID-19," and therefore "absent [was] the causal

21

link between the defendants' conduct of improperly wearing masks and [prisoner's] COVID-19 infection." *Id.* The court reasoned the required casual connection was not established because the prisoner "submitted nothing to establish that it was one of the defendants improperly wearing a mask, and not infinite other potential causes, that resulted in his infection." *Id.*

While Welch alleges that he "suffers daily: shortness of breath, fatigue [and] lack of strength in legs, hand [and] bod[y]" (ER-208, ECF No. 7 at 8), Welch does not allege that he actually tested positive or contracted COVID-19 (ER-201-12, ECF No. 7). Instead, Welch merely alleges he was "involuntarily exposed" to COVID-19,[1] on February 2, 2022, despite being "highly vulnerable" due to "chronic conditions." ER-203, ECF No. 7 at 3. Accordingly, nothing in the record establishes that Welch contracted COVID-19, and therefore he cannot establish that any Defendant actually caused him to contract COVID-19. Even though Welch may "suffer . . . shortness of breath, fatigue [and] lack of strength in legs, hand [and] bod[y]," Welch does not plausibly allege facts

---

[1] To the extent that Welch may argue that Defendants violated the Eighth Amendment by exposing Welch to offenders infected with COVID-19, Welch fails to plausibly allege facts establishing that any Defendant was personally involved in any housing decisions, much less that any Defendant was personally, actually and subjectively aware that Welch was housed with an offender that contracted COVID-19.

22

establishing that any Defendant caused these symptoms, rather than being caused by his preexisting "chronic conditions." Even if Welch had plausibly alleged that he actually tested positive for COVID-19, and then plausibly alleged that COVID-19 was the cause of his symptoms, Welch alleged "nothing to establish that it was one of the defendants improperly wearing a mask, and not infinite other potential causes, that resulted in his infection." *Byrd*, 2025 WL 943408, at \*2.

As Welch failed to plausibly allege facts establishing, he contracted COVID-19, he cannot establish that any Defendant was personally the actual and proximate cause of his contracting COVID-19 based on their supposed refusal to wear masks or other PPE. Because causation is lacking, the district court erred when denying Defendants' motion to dismiss. This Court should therefore reverse the district court's judgment, and remand with instructions to grant Defendants' motion because Defendants did not violate the Eighth Amendment. *See Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir.1989) (vague and conclusory allegations with no supporting factual averments are insufficient to support a claim under § 1983).

## C. Welch Failed to Meet His Burden of Establishing, Beyond Debate, a Violation of Clearly Established Law

Neither Welch, nor the district court, has cited any Supreme Court or circuit authority which squarely governs the facts of this case

23

and would, beyond debate, clearly establish a violation of the Eighth Amendment. In *Carley*, this Court held the "burden of proof rests" with the Welch to prove both that "the officials conduct violated a constitutional right," and that the "violation was clearly established at the time of the violation." 103 F.4th at 659-60. In *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), this Court held that resolving dispositive motions "based on qualified immunity" requires conducting an "individualized analysis . . . , examining each of the . . . elements of the alleged" cause of action, when determining whether the law was clearly established. Welch, however, cannot point to any established precedent meeting the subjective prong required to establish an Eighth Amendment violation, or precedent establishing the required causation under the facts plausibly alleged by Welch.

The district court principally relied upon *Hampton v. California*, 83 F.4th 754 (9th Cir. 2023) as clearly establishing that Defendants violated the Eighth Amendment. *See* ER-13, 15-16, ECF No. 34 at 10, 12-13. In *Hampton*, however, this Court found that "whether masks were available or not, Plaintiff has plausibly alleged that Defendants acted with knowing disregard for the health and safety of San Quentin inmates" only because Plaintiff alleged "Defendants did not take precautions to avoid ***transferring COVID-positive inmates*** to San Quentin," where "there were no known cases of the virus." *Id.* at 758,

24

767 (emphasis added). Unlike in *Hampton*, Welch does not plausibly allege that any Defendant had any knowledge that officers or inmates who failed to wear mask were "COVID-positive" or were experiencing any symptoms of COVID-19, nor that his exposure was the result of any offender being transferred to a new location. In fact, Welch claims the exact opposite of *Hampton*, namely that he requested to be moved but that request was denied because he was already a close contact to another infected offender meaning he needed to shelter in place. Under *Farmer*, the right is not to be free from "cruel and unusual 'conditions,'" but to be free from "cruel and unusual 'punishments,'" which requires establishing not only an "act or omission," such as failing to wear mask, but also required establishing "***knowledge*** of a significant risk of harm," which is "intolerable," i.e. knowledge that those not wearing masks had contracted COVID-19. 511 U.S. at 837-38 (emphasis added).

The remaining cases cited by the district court all affirm the actual knowledge requirement, where Defendants are personally and subjectively aware of an intolerable and significant risk of serious harm. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (holding inmate would be "require[d] . . . to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation" based on second-hand smoke in prison); *Parsons v. Ryan*, 754 F.3d 657, 664, 676-77 (9th Cir. 2014) (holding the "correct issue for consideration is, however,

25

whether the prison officials were subjectively aware of a 'serious risk of substantial harm'" when determining whether the "failure to provide prisoners with . . . [future] protection from infectious diseases" violated the Eighth Amendment); *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995) (holding inmate established an Eighth Amendment violation when the inmate "proffered specific evidence showing . . . defendants knew about the asbestos in the attics, [and] it was demonstrated that the defendants had knowledge that the inmates working in the attics were at risk from exposure to asbestos").

Since *Farmer* set forth the subjective prong required to establish an Eighth Amendment violation, no court has held a correctional officer violated the Eighth Amendment, by refusing to wear protective equipment to prevent an infectious disease, without plausibly alleging facts establishing that each Defendant officer was personally and subjectively aware that he had contracted an infectious disease which could pose an intolerable, substantial risk of serious harm to the offender. Moreover, no court has held that an offender can establish an Eighth Amendment violation based on the failure to wear protective equipment to prevent infectious disease when the inmate fails to plausibly allege facts establishing that he contracted the infectious disease, or when the inmate fails to plausibly allege facts establishing that each Defendant officer was the cause of the alleged harm. To the

26

contrary, the Supreme Court and this Court, along with other circuit courts, as extensively cited and quoted above, have held without plausible allegations establishing actual, personal subjective knowledge and causations, Welch cannot establish an Eighth Amendment violation.

Welch therefore cannot meet his burden of plausibly alleging an Eighth Amendment violation, much less a violation that was clearly established, beyond debate. *See Carley*, 103 F.4th at 659-60. Accordingly, Defendants are shielded by qualified immunity, and the district court erred when denying their motion to dismiss.

## D. The District Court Erred by Refusing to Fully Consider Defendants' Motion to Dismiss After Screening

The district court improperly overlooked the arguments framed in Defendants' motion to dismiss by relying on the Screening Order as "law of the case" to establish that Welch had plausibly alleged an Eighth Amendment violation. ER-6-9, ECF No. 34 at 3-6. In *Jones v. Bock*, 549 U.S. 199, 214 (2007), the Supreme Court held "the PLRA's screening requirement [28 U.S.C. § 1915(d)] does not-explicitly or implicitly-justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." The Court explained that "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns" of the PLRA.

27

*Jones*, 549 U.S. at 212. The Court reasoned that when "Congress meant to depart from the usual procedural requirements, it [does] so expressly." *Id.* at 216.

In *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020), the Supreme Court also explained that in "our adversarial system of adjudication, we follow the principle of party presentation." The Court held that in "both civil and criminal cases, in the first instance and on appeal we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id.* The Court reasoned "our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375-76.

The district court refusal to fully consider Defendants' motion to dismiss merely because the court previously allowed certain claims to survive screening is at odds with these two Supreme Court decisions. Rule 12, of the Federal Rules of Civil Procedure, expressly provides that Defendants may respond to a complaint by serving an "answer" or by serving a "motion" to dismiss, which rule expressly allow dismissal for "failure to state a claim upon which relief can be granted." The PRLA gives no suggestion, much less the required express Congressional

28

authorization, which would justify deviating from this usual procedural practice.

The district court's reasoning completely eviscerates our adversarial system of party presentation. While PLRA screening serves the useful "purpose . . . to reduce the quantity of inmate suits" (*Jones*, 549 U.S. at 223), it was never intended to preclude Defendants from "framing the issues for decision," not only for district courts, but also for federal appellate courts. Under the district court's reasoning, Defendants must either forego seeking to assert qualified immunity in a motion to dismiss, or immediately appeal the district court's screening order when Defendants are convinced the district court erred when screening. If that were the case, as the district court apparently believed, Defendants would not be able to frame the arguments on appeal but would have to rely on the district court to do so. The procedure envisioned by the district court would require Defendants to forfeit good-faith arguments on appeal merely because the district court did not properly address the issue when screening. As prisoner complaints almost always involve the entitlement to qualified immunity, the district court's reasoning in this case is particularly troubling because Defendants are entitled to an immediate appeal when a district court wrongly determines, as in this case, that a prisoner complaint plausibly alleges a constitutional violation. Having

Defendants, rather than the district court, frame this fundamental issue is therefore imperative to our adversarial system of justice. As aptly held by the majority of district courts in this Circuit, "sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring," *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007), because adopting a contrary position "would deprive defendants of the basic procedural right to challenge the sufficiency of the pleadings." *Bennett v. Burton*, Case No. 2:21-cv-1340 WBS KJN P, 2023 WL 3024850, at *1 (E.D. Cal. Apr. 20, 2023).

In *Garewal v. Sliz*, 611 Fed. Appx. 926, 931, 2015 WL 3372154 (10th Cir. 2015), the Tenth Circuit, the only circuit that appears to have considered the issue, rejected the "argument that defendants' motions to dismiss for failure to state a claim should have been denied because his complaint survived the preliminary screening process of 28 U.S.C. § 1915A." The court held the "fact that a district court does not dismiss a complaint under § 1915A does not mean that the complaint will necessarily withstand a defendant's challenge to its plausibility under Rule 12(b)(6)." 611 Fed. Appx. at 931. The Court reasoned that "[a]lthough § 1915A dismissals can be because the complaint, or a portion of it, "fails to state a claim upon which relief can be granted, . . . a district court may not be able to make that determination on

30

screening . . . without benefit of an adversarial presentation." *Id.* at 931.

The district court wrongly attempts to contort PLRA screening and the "law of the case" doctrine into a sword preventing Defendants from receiving their right to a full hearing on their motion to dismiss. In *United States v. United States Smelting Ref. & Min. Co.*, 339 U.S. 186, 199 (1950), the Supreme Court held the "'law of the case is only a discretionary rule of practice" and "requires a final judgment to sustain the application of the rule of the law of the case just as it does for the kindred rule of res judicata." The Court explained that the "rule of law of the case . . . is not applicable . . . when . . . nothing was finally decided." *Id.*; *see also United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (holding the "law of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction").

Here, no final decision had been or could have been issued in this case when Defendants filed their motion to dismiss because they had not yet been afforded their procedural adversarial right, under Rule 12(b)(6), to challenge the sufficiency of Welch's complaint and assert their entitlement to qualified immunity. For that reason, in *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012), the Seventh Circuit affirmed the district court's refusal to apply "the law of the case doctrine" when

31

"defendants had not been given the opportunity to respond to the initial new trial ruling." The court reasoned the district court "was confronted with the first adversarial presentation," which constituted a "new development," precluding applying the law of the case doctrine. *Id.*

Here, the district court improperly applied the "law of the case doctrine"[2] because Defendants were not yet parties to this action at screening and therefore, had not yet made their adversarial presentation when the district court screened Welch's complaint. Accordingly, the district court erred when refusing to fully consider

---

[2] The district court also wrongly relied on district court decisions that improperly view a motion to dismiss after screening as a motion for reconsideration, which supposedly "should be granted only if the defendants can convince the Court that reconsideration is appropriate." ER-7, ECF No. 34 at 4. The district court, however, ignored that "motions to reconsider should be granted where . . . the court has made a decision outside the adversarial issues presented by the parties." *In re Fowler*, 394 F.3d 1208, 1215 n.3 (9th Cir. 2005); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (holding reconsideration is appropriate when the Court "has made a decision outside the adversarial issues presented to the Court by the parties"); *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (same); *In re Lau*, 684 Fed. Appx. 235, 239, 2017 WL 1135722 (3d Cir. 2017) (same); *United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990) (same), vacated on other grounds, 502 U.S. 1 (1991). Even under the district court's flawed reasoning, reconsideration should have been granted and Defendants' motion to dismiss should have been fully considered because the screening order was decided outside the adversarial issues presented to the court.

Defendants' motion to dismiss, which district court decision wrongly deprived Defendants of their basic procedural right to challenge Welch's complaint and assert their entitlement to qualified immunity.

## VIII. CONCLUSION

For the foregoing reasons, this Court should reverse the district court's order denying Defendants' motion to dismiss, and remand with instructions that their motion to dismiss be granted because they are shielded by qualified immunity.

Respectfully submitted January 5, 2026,

AARON D. FORD
Attorney General

By:  */s/ Chris Davis*
Chris Davis (Bar No. 6616)
Senior Deputy Attorney General
*Attorneys for the Defendants-Appellants*

33

## **STATEMENT OF RELATED CASES**

The undersigned attorney asserts that I am unaware of any related cases pending in the Ninth Circuit Court of Appeals.

## **CERTIFICATE OF COMPLIANCE**

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and 9th Cir. R. 32-1, the attached brief is proportionately spaced, has a typeface of 14 points or more and contains 7033 words.

Respectfully submitted January 5, 2026,


AARON D. FORD
Attorney General

By: _/s/ Chris Davis_
Chris Davis (Bar No. 6616)
Senior Deputy Attorney General
_Attorneys for the Defendants-Appellants_

34

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS-APPELLANTS' OPENING BRIEF** and **DEFENDANTS-APPELLANTS EXCERPTS OF RECORD** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate electronic file system on January 5, 2026.

Participants in the case who are registered users will be served by the appellate electronic file system, as follows:

Samuel Weiss, Esq.
Rights Behind Bars
416 Florida Avenue, NW, No. 26152
Washington, DC 20001
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellee*

*/s/ Kimalee Goldstein*
An employee of the office
of the Nevada Attorney General

35